# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| EMERSON OWENS, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| v. | ) | Case No. 2:17-cv-02596-JTF-dkv |
| | ) | |
| CECILIA BARNES, | ) | |
| | ) | |
|     Defendant. | ) | |

## ORDER ADOPTING CHIEF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

Before the Court is Plaintiff Emerson Owens's *pro se* Complaint alleging violations of his civil rights under 42 U.S.C. § 1983, filed on August 16, 2017. (ECF No. 1.) The Complaint was accompanied by his Motion seeking leave to proceed *in forma pauperis*. (ECF No. 3.) Pursuant to Administrative Order 2013-15, this case was assigned to the Chief Magistrate Judge for management of all pretrial matters. On September 15, 2017, the Chief Magistrate Judge issued a Report and Recommendation suggesting *sua sponte* dismissal of Plaintiff's claims for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(ii) on which relief may be granted. (ECF No. 7.) Plaintiff did not file any Objections to the Report and Recommendation.

## I.     FINDINGS OF FACT

In her Report and Recommendation, the Chief Magistrate Judge provides, and this Court adopts and incorporates, proposed findings of fact in this case. (ECF No. 7, 2–4.)

## II. LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "[T]he magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003) (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the Magistrate Judge. *Brown v. Board of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the Magistrate Judge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674.

A. 28 U.S.C. § 1915(e)(2) Screening

Pursuant to Local Rule 4.1, service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2)(B). LR 4.1(b). Specifically, courts are required to screen *in forma pauperis* complaints and dismiss any complaint, or portion thereof, if the allegation of poverty is untrue or if the action (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

B. Standard of Review for Failure to State a Claim

In assessing whether Plaintiff's Complaint states a claim upon which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (alteration in original) (quoting *Iqbal*, 556 U.S. at 681). Pleadings that are no more than conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*; *see also Twombly*, 550 U.S. at 555 n.3. Additionally, although not free from basic pleading requirements, *pro se* pleadings are "held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Curtin*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal

Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create [a person]'s claim for [them]").

### III. ANALYSIS

As a preliminary matter, the Chief Magistrate Judge found, and this Court agrees, that the information provided in the affidavit in support of Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* satisfies Plaintiff's burden of showing that she is unable to pay the civil filing fee. Accordingly, the analysis contained herein constitutes the Court's screening under 28 U.S.C. § 1915(e)(2)(B).

The Chief Magistrate Judge recommends that Plaintiff's § 1983 claim be dismissed *sua sponte* for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(ii) on which relief may be granted. (ECF No 7, 11.) Specifically, the Chief Magistrate Judge found that Plaintiff failed to sufficiently allege that Defendant's actions resulted in a deprivation of his rights, privilege, or immunities secured by the Constitution or federal laws. This Court agrees with that determination.

Upon *de novo* review of the Magistrate Judge's Report and Recommendation, the Court finds that Plaintiff's claims in the above-styled case should be dismissed *sua sponte* for failure to state a claim. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) the defendant acted under color of state law, and (2) the action deprived the plaintiff of rights secured by the United States Constitution or federal statutory law. *Fritz v. Charter Twp. of Cornstock*, 592 F.3d 718, 722 (6th Cir. 2010).

Here, Plaintiff's Complaint does not clearly articulate what constitutional provisions or federal statutes that Plaintiff invokes to support his § 1983 claim(s). In his Complaint, Plaintiff makes assertions such as, "Ms[.] Walker also wrote me up because she says I work to Slow. I'm on disability because of back issues. I feel like Mrs[.] Walker should have help [sic] me complete the task." and "Ms. Barnes did not follow policy or procedure." These assertions, however, if not conclusory, do not sufficiently allege that Defendant's actions resulted in a deprivation of his rights, privileges, or immunities secured by the Constitution or federal law. *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) ("This court has held, in the context of a civil rights claim, that conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under section 1983."). Furthermore, as found by the Chief Magistrate Judge, liberally construing Plaintiff's Complaint, to allege a violation of procedural due process for example, would not overcome the bare, conclusory assertions in the instant Complaint or Plaintiff's failure to assert the violation of a federal constitutional or statutory right.

## IV. CONCLUSION

Upon *de novo* review of the Magistrate's Report and Recommendation, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation to **DISMISS** this action in its entirety.

**IT IS SO ORDERED** on this 11th day of December 2017.

*s/John T. Fowlkes, Jr.*
John T. Fowlkes, Jr.
United States District Judge
